ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
TIM L. LASKE (Cal. Bar No. 223395)
Assistant United States Attorney
Email: tim.laske@usdoj.gov
      Room 7516, Federal Building
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone: (213) 894-0805
      Facsimile: (213) 894-7819

Attorneys for Defendant,
the United States of America

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GEORGE GARCIA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendant. | Case No. CV 12-942 PA (FMOx) <br><br> STIPULATION FOR PROTECTIVE ORDER <br><br> NOTE CHANGES MADE BY THE COURT. |

IT IS HEREBY stipulated, by and between plaintiff, George Garcia, Jr. ("Plaintiff"), and defendant, the United States of America ("Defendant"), through their respective counsel, subject to the approval of the Court as required, as follows:

The parties hereto agree that the Court should enter a Protective Order to permit Defendant to release confidential or sensitive information and documents which the Defendant deems to be appropriate subjects for initial and other disclosures, for responses to discovery, for use in motions, for preparation for trial and for use in trial. The parties further agree that the proposed Protective Order may apply to confidential or sensitive information and documents produced by third-party federal, state and local agencies, and their respective officials, employees or agents.

### A.  The Basis for the Stipulation

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties file this joint stipulation because Defendant has identified as confidential or sensitive information regarding the policies, methods, techniques, procedures, guidelines and intelligence used for Bureau of Land Management ("BLM") operations, as well as information about governmental personnel. If disseminated, individuals who have access to such information might use it to undermine the efforts of federal agencies to enforce the laws. It is in the public interest to protect against any risk of circumvention of the law that might result from disclosure of confidential or sensitive information as described in the proposed Protective Order.

Further, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, Defendant and third-party government agencies are prohibited from disclosing records containing information regarding individuals who have not consented to such release, unless an exception applies, such as a court order. The Privacy Act regulates the collection, maintenance, use and dissemination of personal information by government agencies and provides, in pertinent part:

> "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written consent of, the individual to whom the record pertains, <u>unless disclosure of the record would be.</u> . . . (11) pursuant to the order of a court of competent jurisdiction"

5 U.S.C. § 552a(b)(11). The essential point of such a court order exception is that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614 (S.D. N.Y. 1979); *see also Martin v. United States*, 1 Cl. Ct. 775, 780-82 (Cl. Ct. 1983). The Court may order the disclosure of such documents where the Court merely finds the documents meet the relevance standard under Fed. R. Civ. P. 26. *Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999) (finding "no basis" for requiring a showing of need beyond that already required by the Federal Rules of Civil Procedure (FRCP) in issuing an 552(a)(b)(11) order); *Laxalt v. McClatchy*, 890 F.2d 885, 889-90 (D.C. Cir. 1987) (the "plain language" of 552a(b)(11) gives no "basis for inferring that [a higher standard of discovery] replaces the usual discovery standards of the [Federal Rules of Civil Procedure].").  Thus, the Court is not required to weigh the need for disclosure against the potential harm to the subjects of disclosure.

As discussed below, the information and documents to be disclosed are relevant to this action and the need for the information clearly outweighs any potential harm to the parties or non-parties involved. In this action, plaintiff asserts state and common law tort claims based upon allegations of premises liability, and negligence against the United States.

It is anticipated that discovery in this matter may involve the disclosure of confidential or sensitive information relating the policies, methods, techniques, procedures, guidelines and intelligence used for BLM law enforcement and/or emergency response rangers; federal government officials, employees or agents;

state and local law enforcement officials, or employees; non-party witnesses (if any),; and persons whose information may be otherwise protected by the Privacy Act.

Therefore, in order to permit disclosure of such confidential and sensitive information, while at the same time observing the requirements of Rule 26 of the Federal Rules of Civil Procedure, the parties seek an order permitting them to produce such information and documents relevant to the subject matter of this case to counsel for the parties and to permit the parties to use such information and documents solely for the purposes of this litigation as set forth below.

**B.    Designation of Information Subject to the Proposed Protective** Order

1.    The proposed Protective Order shall cover any and all information and documents including, but not limited to:  federal government officials, employees or agents; state and local law enforcement officials, employees or agents; non–party witnesses (if any); government sensitive and confidential law enforcement information regarding the policies, methods, techniques, procedures, guidelines and intelligence for BLM operations; and persons whose information may be otherwise protected by the Privacy Act.

2.    As used in the proposed Protective Order, the term "Confidential Information" shall include any information that is disclosed by Defendant to plaintiff's counsel and which at or before the time of disclosure has been designated as **"Confidential Subject to Protective Order"** by Defendant in one or more of the following ways:

a.    Information set forth in a response to any written discovery may be so designated by including the words "Confidential Subject to Protective Order" in the response;

///

///

///

      b.    Information contained in any document or part thereof may be so designated by marking the words "Confidential Subject to Protective Order" on the document or by giving written notice to counsel for plaintiff describing the document or part thereof either specifically or by category.

      c.    Information contained in any statement made during an oral deposition may be so designated through a statement made on the record, or by providing plaintiff's counsel a list of designated lines from any deposition transcript containing information covered by the proposed Protective Order within thirty (30) business days of receiving the deposition transcript.

    3.    "Confidential" information shall also include any information that is disclosed by third-party government entities or personnel to plaintiff's counsel. Defendant shall have thirty (30) business days from the receipt of such information from plaintiff, his counsel or third-party vendor to notify any of the parties that any information shall be designated as "Confidential." Such designation shall be by one of the methods described above in **paragraph B, part 2**.

**C.**    **Disclosure And Use of Information to be Protected By the Proposed Protective Order**

    1.    "Confidential Information" may be disclosed by plaintiff's counsel only to the following persons:

      a.    Named plaintiff;

      b.    Attorneys of record for plaintiff, including any attorneys employed by a law firm or legal organization of record that represents plaintiff;

      c.    Secretarial, clerical, paralegal, or student personnel employed full-time or part-time by attorneys or a law firm or legal organization of record that represents plaintiff;

      d.    Independent (non-employee) expert witnesses or consulting experts retained by plaintiff, attorneys, law firm or legal organization of record in connection with this action;

  e. the Court and its personnel, and any court reporters and stenographers engaged in recording testimony and proceedings and their employees, however, that counsel wishing to file such materials with the Court must comply with **paragraph C, part 4** herein; and

  f. such other persons as hereafter may be authorized by the Court upon motion of any of the parties.

 2. A copy of the proposed Protective Order shall be delivered to each of the named parties and to each person identified in **paragraph C, part 1** to whom a disclosure of "Confidential" information is made, at or before the time of disclosure, by counsel. The provisions of the proposed Protective Order shall be binding upon each person to whom disclosure is made and no such person shall make disclosure of such information to any other person unless disclosure is reasonably and in good faith calculated to aid in preparation of this action. In addition, counsel shall ensure prior to disclosure of "Confidential" information to persons listed in **paragraph C, part 1, sub-part d and f**, that such persons have read, understood and have acknowledged in writing his or her agreement to be bound by the Protective Order, as follows:

> **I, _____, declare under the penalty that I have read and understand the terms of this Protective Order issued by the United States District Court on _____, 2012,** ~~I understand that this Protective Order remains in effect during and after the conclusion of this litigation,~~ **and I agree to be bound by it. I understand that I may be subject to penalties for contempt of Court if I violate this Protective Order.**
>
> **Dated: _____ _____**

To the extent that "Confidential" information may be identified or referred to in depositions in this action, the court reporter transcribing the deposition shall sign the statement set forth above herein. Any questions intended to elicit

testimony regarding the contents of the protected documents or information shall be conducted only in the presence of persons authorized to review the protected documents as provided in the proposed Protective Order. Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions as the protected documents themselves.

Plaintiff's counsel shall be responsible for maintaining the signed original of each such written agreement until the conclusion of this action, including any appeal, and shall produce such written statements to Defendant for inspection upon demand.

3.  The provisions of the proposed Protective Order shall not be construed to prevent any disclosure of "Confidential" information by Defendant; ~~any judge, magistrate or employee of this Court for purposes of this action;~~ or for the purposes of enforcement of the criminal laws.

4.  Before counsel for plaintiff may file with the Court any pleadings, motions or other papers disclosing "Confidential" information provided by Defendant or third-party government agency, it shall give no less than five business days notice to Defendant identifying the information that would be disclosed. Defendant may make an application to the Court requesting that the papers or confidential portions thereof be filed under seal *pursuant to Local Rule 79-5*. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. In addition, Defendant may make an application to the Court requesting that any pleadings, motions or other papers disclosing their own "Confidential" information be filed under seal and the papers in question shall not be filed until the Court renders a decision on that application.

5.  "Confidential" information disclosed to plaintiff or his counsel in this action shall be used by plaintiff or his counsel **only for purposes of this action**, and shall not be published to the public in any form by plaintiff or his counsel, nor used by them for any business, commercial or advocacy purposes.

6.   The parties and their counsel may use "Confidential" information and documents, subject to the limitations in the Protective Order, in conducting further discovery in this case, in law and motion proceedings, and in all preparations for trial.

7.   ~~The parties and their counsel may use "Confidential" information and documents, subject to the limitations in the Protective Order, at trial in this matter, including without limitation, in the examination of any witness, and in the presentation of evidence, in making and defending trial motions, in trial briefs and in oral argument.~~

~~8.   The parties and their counsel may use "Confidential" information and documents, subject to the limitations in the Protective Order, in any appellate proceedings.~~

7.   Upon the conclusion of this litigation, all "Confidential Information" shall be returned to the producing party, or shall be certified that it has been destroyed.

**D.   Objections And Modification to Confidential Treatment of Information**

1.   A party to the proposed Protective Order shall not be obligated to challenge the propriety of the designation of information as "Confidential" information at the time made, and failure to do so shall not preclude a subsequent challenge thereof, provided that such challenge is made prior to the close of discovery. If a party disputes the designation of any information, the party shall attempt to informally resolve the issue with the other parties. If the parties are unable to resolve the issue, counsel may file an appropriate motion with the Court pursuant to Local Rule 3 designating the information or documents at issue and why the party is seeking to change or remove the "Confidential" designation. Until a resolution is achieved through agreement or court order, all persons must treat the documents or information in question as "Confidential" information.

///

2. The proposed Protective Order may be modified if the parties agree to such modification or if such modification is ordered by the Court.

3. Any person may at any time move, on notice to all parties, for modification of, or other relief from, the proposed Protective Order.

E. **The Scope of the Proposed Protective Order**

1. Nothing herein is intended to preclude Defendant from asserting the law enforcement and investigatory privileges, or any other applicable privilege or restriction, including the Privacy Act, with respect to information and documents which Defendant deems to be sensitive to criminal investigations, or law enforcement personnel, and declining to produce such information or documents.

2. Nothing herein is intended to preclude plaintiff or any other party from challenging the confidentiality designation, or the assertion of privilege pursuant to the Federal Rules of Evidence or the Federal Rules of Civil Procedure, by the United States.

3. Nothing herein is intended to compromise the rights of any party to object to discovery or the admission into evidence of any document, record, testimony or other information pursuant to the Federal Rules of Evidence or the Federal Rules of Civil Procedure, nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

4. Nothing herein constitutes a decision by the Court concerning discovery disputes or the admission into evidence of any specific document, testimony, or liability for payment of any costs of production or reproduction of documents.

5. Neither termination of this action, nor the termination of employment, engagement, or agency of any person who had access to any protected information or documents shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of the protected information or documents.

6. ~~The Court shall retain jurisdiction to enforce the terms of the proposed Protective Order.~~ Once a case proceeds to trial all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of the Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

Respectfully submitted by:

Dated: ~~September~~ August 24, 2012

WILLOUGHBY DOYLE LLP

/s/ Conal Doyle

CONAL DOYLE, ESQ.

Attorneys for Plaintiff,
George Garcia, Jr.

Dated: August ___, 2012

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
TIM L. LASKE
Assistant United States Attorney

Attorneys for Defendant,
the United States of America

~~6. The Court shall retain jurisdiction to enforce the terms of the proposed Protective Order.~~

Respectfully submitted by:

Dated: August ___, 2012

WILLOUGHBY DOYLE LLP

_____
CONAL DOYLE, ESQ.

Attorneys for Plaintiff,
~~George Garcia, Jr.~~

Dated: ~~August 25~~, 2012
September

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
TIM L. LASKE
Assistant United States Attorney

Attorneys for Defendant,
the United States of America

IT IS SO ORDERED.

DATED: 10/3/12

_____
UNITED STATES MAGISTRATE JUDGE